**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 21-54552-BEM |
| DAVID ESCOBEDO HIDALGO, | : | CHAPTER 7 |
| Debtor. | : | |
| | | |
| S. GREGORY HAYS, Chapter 7 Trustee for the Estate of David Escobedo Hidalgo, | : | |
| Plaintiff, | : | |
| vs. | : | ADV. PRO. NO. 21-5098-BEM |
| CALIBER HOME LOANS, INC. and FREEDOM MORTGAGE CORPORATION, | : | |
| Defendants. | : | |

**DEFENDANT CALIBER HOME LOANS, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT**

COMES NOW Caliber Home Loans, Inc. ("**Caliber**"), by and through its counsel, and hereby provides its answer to the Amended Complaint (ECF Doc. 5) filed by Plaintiff S. Gregory Hays, as Chapter 7 Trustee for the Estate of David Escobedo Hidalgo's ("**Plaintiff**"), and states as follows:

JURISDICTION AND VENUE

1. Caliber admits the allegations contained in this paragraph.

2. Caliber admits the allegations contained in this paragraph.

3. Caliber admits the allegations contained in this paragraph.

4. Caliber admits the allegations contained in this paragraph.

5. The allegations of this paragraph are not directed at Caliber, and thus no response is required. To the extent a response is required, Caliber lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5, and therefore denies them.

6. Caliber admits the allegations contained in this paragraph.

STATEMENT OF FACTS
*a. General Background*

7. Caliber admits the allegations contained in this paragraph.

8. Upon information and belief, Caliber admits the allegations contained in this paragraph.

9. Upon information and belief, Caliber admits the allegations contained in this paragraph.

*b. The Property*

10. Caliber denies the allegations in this paragraph.

*c. The Security Interest Transfer*

11. Caliber admits only that the Debtor executed a Security Deed dated November 4, 2016. Caliber further states that the terms of the Security Deed speak for themselves, and Caliber denies any allegations inconsistent with the Security Deed. Caliber denies the remaining allegations in this paragraph.

12. Caliber admits only that the Security Deed executed by the Debtor was recorded in Deed Book 817, Pages 469-486, with the Clerk of Superior Court for Butts County, Georgia on November 9, 2016. Caliber denies the remaining allegations in this paragraph.

13. Caliber admits that the document attached as Exhibit "A" to Plaintiff's Amended Complaint is a true and correct copy of the Security Deed executed by the Debtor that is recorded in Deed Book 817, Pages 469-486, with the Clerk of Superior Court for Butts County, Georgia.

14. Caliber denies the allegations contained in this paragraph.

15. Caliber admits that Freedom Mortgage Corporation is the current servicer of the residential mortgage loan secured by the Security Deed executed by the Debtor that was recorded in Deed Book 817, Pages 469-486, with the Clerk of Superior Court for Butts County, Georgia on November 9, 2016.

16. Caliber states this paragraph consists of a legal conclusion and does not require a response. To the extent a response is required, Caliber denies the allegations contained in this paragraph.

17. Caliber admits that a document entitled *Waiver of Borrower's Rights* was executed by the Debtor and was attached to and incorporated into the Security Deed executed by the Debtor that was recorded in Deed Book 817, Pages 469-486, with the Clerk of Superior Court for Butts County, Georgia on November 9, 2016.  Caliber denies the remaining allegations contained in this paragraph.

18. Caliber admits the allegations in this paragraph.

19. Caliber admits only that the document entitled *Waiver of Borrower's Rights* that was executed by the Debtor and recorded in Deed Book 817, Page 484, with the Clerk of Superior Court for Butts County, Georgia speaks for itself, and Caliber denies any allegations inconsistent with that document.  Caliber denies the remaining allegations in this paragraph.

20. Caliber admits only that the document entitled *Closing Attorney's Affidavit* that was recorded in Deed Book 817, Page 485, with the Clerk of Superior Court for Butts County, Georgia speaks for itself, and Caliber denies any allegations inconsistent with that document.  Caliber denies the remaining allegations in this paragraph.

21. Caliber admits only that a document entitled *Closing Attorney's Affidavit* was recorded in Deed Book 817, Page 485, with the Clerk of Superior Court for Butts County, Georgia. Caliber further states that this document speaks for itself, and Caliber denies any allegations inconsistent with that document. Caliber denies the remaining allegations in this paragraph.

22. Caliber admits only that the document entitled *Closing Attorney's Affidavit* that was recorded in Deed Book 817, Page 485, with the Clerk of Superior Court for Butts County, Georgia speaks for itself, and Caliber denies any allegations inconsistent with that document. Caliber denies the remaining allegations in this paragraph.

23. Caliber states this paragraph consists of a legal conclusion and does not require a response. To the extent a response is required, Caliber denies the allegations contained in this paragraph.

24. Caliber admits only that the Security Deed that was recorded in Deed Book 817, Pages 469-486 and the document entitled *Closing Attorney's Affidavit* that was recorded in Deed Book 817, Page 485, both with the Clerk of Superior Court for Butts County, Georgia, are documents that speak for themselves, and Caliber denies any allegations inconsistent with those documents. Caliber denies the remaining allegations in this paragraph.

25. Caliber admits only that the document entitled *Closing Attorney's Affidavit* that was recorded in Deed Book 817, Page 485, with the Clerk of Superior Court for Butts County, Georgia speaks for itself, and Caliber denies any allegations inconsistent with that document. Caliber denies the remaining allegations in this paragraph.

26. Caliber states this paragraph consists of a legal conclusion and does not require a response. To the extent a response is required, Caliber denies the allegations contained in this paragraph.

## COUNT I
### Claim to avoid the Transfers Under 11 U.S.C. §544(a)(3)

27. Caliber adopts and incorporates its responses to all prior paragraphs of its Answer above as though fully set forth herein.

28. Caliber denies the allegations contained in this paragraph.

29. Caliber denies the allegations contained in this paragraph.

30. Caliber denies the allegations contained in this paragraph.

## COUNT II
### Claim to Recover Caliber's Interest, or its value, in the Property under 11 U.S.C. § 550(a)

31. Caliber adopts and incorporates its responses to all prior paragraphs of its Answer above as though fully set forth herein.

32. Caliber states this paragraph consists of a legal conclusion and does not require a response. To the extent a response is required, Caliber denies the allegations contained in this paragraph.

33. Caliber states this paragraph consists of a legal conclusion and does not require a response. To the extent a response is required, Caliber denies the allegations contained in this paragraph.

34. Caliber states this paragraph consists of a legal conclusion and does not require a response. To the extent a response is required, Caliber denies the allegations contained in this paragraph.

## COUNT III
### Claim for Preservation of Transfers Under 11 U.S.C. § 551

35. Caliber adopts and incorporates its responses to all prior paragraphs of its Answer above as though fully set forth herein.

36. Caliber states this paragraph consists of a legal conclusion and does not require a response. To the extent a response is required, Caliber denies the allegations contained in this paragraph.

WHEREFORE, Caliber Home Loans, Inc. prays for judgment against Plaintiff, and for entry of an order: (a) denying all relief sought by Plaintiff in the Amended Complaint; (b) dismissing the Amended Complaint; and (c) granting such other and further relief as the Court deems just and equitable.

## AFFIRMATIVE DEFENSES

1. As its first affirmative defense, Caliber states that its Security Deed cannot be set aside because it is properly attested pursuant to Georgia law.  2 Ga. Real Estate Law and Procedure § 19:63; *Bloodworth v. McCook*, 193 Ga. 53 (1941); *Deupree v. Deupree*, 45 Ga. 415 (1872).

2. As its second affirmative defense, Caliber states that the inclusion of the Closing Attorney's Affidavit in its Security Deed serves as proper attestation to the Security Deed.  See *Kelly v. USAA Fed. Sav. Bank* (*In re Jones*), 580 B.R. 916 (Bankr. M.D. Ga. 2017); *In re Perry*, 565 B.R. 442 (Bank. M.D. Ga. 2017).

3. As its third affirmative defense, Caliber states that recorded documents provided a hypothetical bona fide purchaser with constructive notice of Caliber's security interest pursuant to O.C.G.A. § 44-2-18.

4. As its fourth affirmative defense, Caliber states that the Security Deed, with all incorporated and simultaneously recorded documents, provides constructive notice sufficient to bar the Trustee's claims pursuant to 11 U.S.C. § 544.

5. As its fifth affirmative defense, Caliber states that the Trustee is barred from collecting a money judgment pursuant to 11 U.S.C. § 550 because a valid lien exists upon the

6

subject real property, and because the subject real property is easily recoverable; has not diminished in value; has a clear discernable value; and because a monetary award will not necessarily result in any savings to the estate.

6. As its sixth affirmative defense, Caliber states that value was provided in exchange for the Security Deed and that Caliber and its successors and assigns have all acted in "good faith." Consequently, the holder of the Security Deed is entitled to retain the value of the transfer received, up to the amount of the goods and services it transferred to the Debtor and/or to its successors or assigns pursuant to Bankruptcy Code § 548(c) and/or applicable law.

7. As its seventh affirmative defense, Trustee's Amended Complaint fails to state a claim upon which relief can be granted.

8. As its eighth affirmative defense, Trustee's claims are barred by 11 U.S.C. § 550(d) to the extent Trustee's Amended Complaint seeks an impermissible double recovery from Caliber under 11 U.S.C. § 550(a).

9. To the extent any averment of Trustee's Amended Complaint is not specifically admitted, it shall stand denied.

10. Caliber hereby gives notice that it intends to rely upon any other affirmative defenses that may become available or apparent during the proceedings in this matter and hereby reserves the right to amend this Answer to assert any such defenses.

WHEREFORE, Caliber requests that the Court deny the Amended Complaint and for any other relief the Court deems just and necessary.

Respectfully submitted this 15th day of November, 2021.

**[SIGNATURE ON FOLLOWING PAGE]**

          **LOCKE LORD LLP**

          /s/ Steven J. Flynn
          Elizabeth J. Campbell
          Georgia Bar No. 349249
          *ecampbell@lockelord.com*
          Steven J. Flynn
          Georgia Bar No. 313040
          *steven.flynn@lockelord.com*
          Terminus 200, Suite 1200
          3333 Piedmont Road NE
          Atlanta, GA 30305
          (404) 870-4600
          (404) 872-5547 (fax)
          *Counsel for Defendant Caliber Home Loans, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that the above was filed with the court utilizing the Court's ECF system on this November 15, 2021, which sent notification to all registered attorneys of record.

/s/ Steven J. Flynn
Steven J. Flynn
Georgia Bar No. 313040

9