IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| IN RE: | BANKRUPTCY CASE |
| DAVID ESCOBEDO HIDALGO, | NO. 21-54552-BEM |
| Debtor. | Chapter 7 Proceeding |
| S. GREGORY HAYS, Chapter 7 Trustee for the Estate of DAVID ESCOBEDO HIDALGO, | |
| Plaintiff, | ADVERSARY PROCEEDING |
| v. | ADV. PRO. NO. 21-5098-BEM |
| CALIBER HOME LOANS, INC. and FREEDOM MORTGAGE CORPORATION, | |
| Defendants. | |

## DEFENDANT FREEDOM MORTGAGE CORPORATION'S ANSWER AND DEFENSES TO COMPLAINT

Defendant FREEDOM MORTGAGE CORPORATION (hereinafter, "Freedom" or "Defendant"), through its undersigned counsel, hereby files its

Answer and Defenses (hereinafter, "Answer") to the Plaintiff's, S. GREGORY HAYS, Chapter 7 Trustee for the Estate of David Escobedo Hidalgo (hereinafter, "Trustee" or "Plaintiff"), Complaint (hereinafter, "Complaint")[1]. In support of this Answer, Freedom respectfully shows the Court as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief against Freedom can be granted.

### SECOND DEFENSE

The Trustee cannot recover from Freedom to the extent that Freedom is a transferee for value, in good faith and without knowledge of the voidability of any transfer, as provided by 11 U.S.C. § 550(b)(1).

### THIRD DEFENSE

The November 4, 2016 Security Deed in favor of Caliber Home Loans, Inc. (hereinafter, "Caliber") and recorded on November 9, 2016 at Deed Book 817, Page 469, Butts County, Georgia Records (hereinafter, the "Security Deed") was properly executed, witnessed and recorded in compliance with applicable law,

---

[1] The Complaint was amended on September 28, 2021.

2

including without limitation O.C.G.A. §§ 44-14-33, 44-14-61, and 44-2-18, and the conveyance effected by the Security Deed may not be avoided.

## FOURTH DEFENSE

Freedom reserves the right to allege further defenses as they may become known.

## FIFTH DEFENSE

Without waiving any of its defenses, and in accordance therewith, Freedom hereby answers the numbered allegations in the Complaint as follows:

### Jurisdiction and Venue

1.

Freedom admits the allegations in Paragraph 1 of the Complaint.

2.

Freedom admits the allegations in Paragraph 2 of the Complaint. Freedom does not consent to the entry of any final orders or judgments by this Court if it is determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Freedom denies the remaining allegations in Paragraph 2 of the Complaint.

3.

Freedom admits that this is a core proceeding. Freedom does not consent to the entry of any final orders or judgments by this Court if it is determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Freedom denies the remaining allegations in Paragraph 3 of the Complaint.

4.

Freedom admits that jurisdiction is proper over this adversary proceeding. Freedom does not consent to the entry of any final orders or judgments by this Court if it is determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Freedom denies the remaining allegations in Paragraph 4 of the Complaint.

5.

Paragraph 5 of the Complaint constitutes a legal conclusion to which no response is required. To the extent a response is appropriate, Freedom does not consent to the entry of any final orders or judgments by this Court if it is determined that this Court, absent consent of the parties, cannot enter final orders

or judgments consistent with Article III of the United States Constitution. Freedom denies the remaining allegations in Paragraph 5 of the Complaint.

6.

Freedom admits the allegations in Paragraph 6 of the Complaint.

**Statement of Facts**

**a. General Background**

7.

Upon information and belief, Freedom admits the allegations in Paragraph 7 of the Complaint.

8.

Upon information and belief, Freedom admits the allegations in Paragraph 8 of the Complaint.

9.

Upon information and belief, Freedom admits the allegations in Paragraph 9 of the Complaint.

### b. The Property

10.

Freedom admits the allegations of Paragraph 10 of the Complaint. By way of further answer, Freedom states that the Real Property Records of Butts County speak for themselves.

### c. The Security Interest Transfer[2]

11.

Freedom admits the allegations of Paragraph 11 of the Complaint. By way of further answer, Freedom states that the Security Deed speaks for itself and is a valid first-priority lien against the property commonly known as 114 Truman Court, Jackson, Butts County, Georgia 30233 (hereinafter, the "Property").

12.

Freedom admits the allegations of Paragraph 12 of the Complaint. By way of further answer, Freedom states that the Security Deed speaks for itself and is a valid first-priority lien against the Property.

---

[2] Freedom objects to the term the "Transfer" as vague and seeks to undermine the conveyance of valid legal title to the Property via the Security Deed. However, Freedom incorporates the terms and sections identified in Plaintiff's Complaint for consistency and ease of reference.

6

13.

Freedom admits the allegations of Paragraph 13 of the Complaint. By way of further answer, Freedom states that the Security Deed attached to Plaintiff's Complaint as Exhibit "A" speaks for itself and is a valid first-priority lien against the Property.

14.

Freedom denies Paragraph 14 of the Complaint. By way of further answer, Freedom is the holder of the Security Deed, which is a valid first priority lien against the Property.

15.

Freedom denies Paragraph 15 of the Complaint as stated. By way of further answer, Freedom is the holder of the Security Deed, which is a valid first priority lien against the Property.

16.

Freedom denies Paragraph 16 of the Complaint as stated. By way of further answer, the Security Deed, which explicitly incorporates any and all "Riders" which include, respectively, the Planned Unit Development Rider, Waiver of Borrower's Rights, Closing Attorney's Affidavit, and Foreclosure Disclosure

(hereinafter, collectively, the "Rider"). Further, the Rider incorporates by reference the Security Deed. The Security Deed and Rider were recorded consecutively in the Real Property Records of Butts County on November 9, 2016 in Deed Book 817, Pages 469 - 486. The Trustee is intentionally misleading the Court by failing to reference the Rider. Freedom denies the remaining allegations in Paragraph 16 of the Complaint as stated.

17.

Freedom admits the allegations in Paragraph 17 of the Complaint. By way of further Answer, the Rider, which is included as part of the Security Deed in Exhibit "A" to Plaintiff's Complaint, is incorporated by reference to the Security Deed, which should be viewed with the Rider in totality.

18.

Freedom admits the allegations in Paragraph 18 of the Complaint.

19.

Freedom denies the allegations in Paragraph 19 of the Complaint as stated. The Rider expressly states that "the provisions hereof are incorporated into and made a part of the Security Deed" and that Debtor, prior to signing the Security Deed and Rider, read and agreed to all terms and conditions of the same. The

8

Rider, specifically the Waiver of Borrower's Rights, was executed by Debtor as Grantor in the presence of an unofficial witness and Christy Lunsford, notary public. The Rider, as outlined by Plaintiff, was consecutively recorded with the Security Deed and appears at Deed Book 817, Page 484, Butts County, Georgia Records.

20.

Freedom denies the allegations in Paragraph 20 of the Complaint as stated. The Rider, which is incorporated into the Security Deed and was recorded consecutively with the Security Deed, includes the signature and notary seal of Christy Lunsford, whose notary seal and attesting signature is apparent throughout the entirety of the Security Deed; there is an obvious chain of signatures and attestation of the closing attorney's review, explanation, and witnessing of the Debtor's signature on the Security Deed and Rider.

21.

Freedom admits the allegations in Paragraph 21 of the Complaint.

22.

Freedom denies the allegations in Paragraph 22 of the Complaint as stated. The Rider, which is incorporated into the Security Deed and was recorded

9

consecutively with the Security Deed, includes the signature and notary seal of Christy Lunsford, whose notary seal and attesting signature is apparent throughout the entirety of the Security Deed; there is an obvious chain of signatures and attestation of the closing attorney's review, explanation, and witnessing of the Debtor's signature on the Security Deed and Rider. The consecutive recording on the same day of the Security Deed, and the incorporation by reference of the Rider into the Security Deed, is sufficient to establish that the Rider was executed in connection and on the same day as the Security Deed.

23.

Freedom denies the allegations in Paragraph 23 of the Complaint as stated. The Rider is expressly incorporated into the Security Deed and clearly states, "After said review with and explanation to Borrower(s), Borrower(s) executed the Deed to Secure Debt and 'Waiver of Borrower's Rights.'". The closing attorney signed the Closing Attorney Affidavit under oath. The Rider, being a separate document incorporated into the Security Deed, which incorporation was agreed to by Debtor, makes it part and parcel to the Security Deed. Accordingly, the closing attorney was an attesting witness.

24.

Freedom denies the allegations in Paragraph 24 of the Complaint as stated. The Rider, which is incorporated into the Security Deed and was recorded consecutively with the Security Deed, includes the signature and notary seal of Christy Lunsford, whose notary seal and attesting signature is apparent throughout the entirety of the Security Deed; there is an obvious chain of signatures and attestation of the closing attorney's review, explanation, and witnessing of the Debtor's signature on the Security Deed and Rider. While the closing attorney may not have been the notary public in the Security Deed, the Rider, as incorporated, includes the Closing Attorney Affidavit which was executed under oath and attests to witnessing the signature of Debtor.

25.

Freedom denies the allegations in Paragraph 24 of the Complaint as stated. The Rider, which is incorporated into the Security Deed and was recorded consecutively with the Security Deed, includes the signature and notary seal of Christy Lunsford, whose notary seal and attesting signature is apparent throughout the entirety of the Security Deed; there is an obvious chain of signatures and attestation of the closing attorney's review, explanation, and witnessing of the

Debtor's signature on the Security Deed and Rider. The Rider, inclusive of the Waiver of Borrower's Rights, includes the signature of the unofficial witness which was signed in the presence of the notary public. There can be no question as to the genuineness of the handwriting; its genuineness is evidenced by the signature, under oath, of the notary public and closing attorney who executed the Closing Attorney Affidavit which attests that he witnessed the signatures on both the Security Deed and Waiver of Borrower Rights.

26.

Freedom denies the allegations in Paragraph 26 of the Complaint.

## COUNT I

### Claim to Avoid Transfers
### Under 11 U.S.C. Section 544(a)(3)

27.

Freedom hereby re-alleges and incorporates by reference the forgoing defenses and responses to the Complaint.

28.

Freedom denies the allegations in Paragraph 28 of the Complaint.

29.

Freedom denies the allegations contained in Paragraph 29 of the Complaint in their entirety and denies the legal assertions contained in Paragraph 29 of the Complaint are full, complete, and accurate statements of the legal assertions contained therein.

30.

Freedom denies the allegations contained in Paragraph 30 of the Complaint in their entirety and denies the legal assertions contained in Paragraph 30 of the Complaint are full, complete, and accurate statements of the legal assertions contained therein. Freedom further denies the Trustee is entitled to the relief sought herein.

## COUNT II

### Claim to Recover Caliber's Interest, or its value, in the Property under 11 U.S.C. Section 544(a)(3)

31.

Freedom hereby re-alleges and incorporates by reference the forgoing defenses and responses to the Complaint.

32.

Freedom admits the allegations in Paragraph 32 of the Complaint. By way of further answer, Freedom, as successor in interest to Caliber, is the current holder of the Security Deed which is a first priority lien on the Property.

33.

Freedom admits the allegations in Paragraph 33 of the Complaint.

34.

Freedom denies that the Trustee is entitled to the relief sought in Paragraph 34 of the Complaint and denies the remaining allegations in Paragraph 34 of the Complaint.

## COUNT III

### Claim for Preservation of Transfers
### Under 11 U.S.C. Section 551

35.

Freedom hereby re-alleges and incorporates by reference the forgoing defenses and responses to the Complaint.

36.

Freedom denies that the Trustee is entitled to the relief sought in Paragraph 36 of the Complaint and denies the remaining allegations in Paragraph 36 of the Complaint.

37.

Freedom denies the Trustee is entitled to the relief sought in the WHEREFORE paragraph of the Complaint, including subparts.

38.

Freedom denies any and all allegations in the Complaint not otherwise specifically admitted herein.

WHEREFORE, Freedom respectfully requests that the Court:

(a) Grant Freedom judgment in its favor as to each and every claim and count in the Complaint;

(b) Deny the Trustee all relief sought in the Complaint against Freedom;

(c) Award Freedom its costs incurred in connection with this proceeding, including, but not limited to attorney's fees; and

(d) Grant Freedom such additional relief as the Court deems just and appropriate.

Respectfully submitted, this 15th day of November, 2021.

                    MCLAIN & MERRITT, PC

                    By: */s/ Tania R. Tuttle*
                    Tania R. Tuttle
                    Georgia Bar No. 720348
                    Sarah C. Monico
                    Georgia Bar No. 582691
                    Counsel for Defendant

                    11625 Rainwater Drive, Ste. 125
                    Alpharetta, Georgia 30009
                    Phone: (770) 200-7000
                    ttuttle@mmatllaw.com
                    smonico@mmatllaw.com

## CERTIFICATE OF SERVICE

I, Tania Tuttle, hereby certify that I am over the age of 18 and that I served this day a copy of the foregoing DEFENDANT FREEDOM MORTGAGE CORPORATION'S ANSWER AND DEFENSES TO COMPLAINT on counsel of record identified below, electronically in accordance with the Court's Electronic Case Filing Procedures and by U.S. Mail, as follows:

Michael J. Barger, Esq.
Arnall Gregory Golden LLP
171 17th Street, N.W., Suite 2100
Atlanta, GA 30363-1031
Email: Michael.barger@agg.com

By:    */s/ Tania R. Tuttle*
Tania R. Tuttle
Georgia Bar No. 720348

11625 Rainwater Drive, Ste. 125
Alpharetta, Georgia 30009
Phone: (770) 200-7000
ttuttle@mmatllaw.com
smonico@mmatllaw.com